## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MELINDA BACA,

        Plaintiff,

v.                                                    No. 1:22-cv-0178 DHU/DLM

FRANK BISIGNANO,[1]
Commissioner of the Social
Security Administration,

        Defendant.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Plaintiff Baca's Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b). (Doc. 39.) Plaintiff's attorney, Benjamin Decker, seeks $18,000.00 in attorney's fees for 19.6 hours of work. (*See id.* at 3.) Defendant Commissioner filed a response and "neither supports nor opposes" the request. (Doc. 40.) Having considered the record, submissions of counsel, and relevant law, I recommend that Baca's motion be **GRANTED IN PART**.[2]

## I.    Relevant Background

Baca filed her application for disability insurance benefits (DIB) and supplemental security income (SSI) with the Social Security Administration on April 26, 2018, alleging a disability onset

---

[1] Frank Bisignano was confirmed as Commissioner of the Social Security Administration on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Bisignano is substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] United States District Judge David H. Urias entered an Order of Reference Relating to Social Security Appeals on July 29, 2025, referring this motion to the undersigned Magistrate Judge "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." (Doc. 42.)

date of March 22, 2016. (*See* Administrative Record[3] (AR) at 110.) The Administration denied her applications initially on December 14, 2018 (*id.* at 142–48), and upon reconsideration on October 9, 2019 (*id.* at 153–63). Baca timely requested a hearing with an Administrative Law Judge (ALJ) (*id.* at 164–65), and ALJ Mark M. Swayze issued an unfavorable decision on September 21, 2021 (*id.* at 107–35). Baca filed suit in this Court on March 9, 2022. (Doc. 1.)

On February 23, 2023, the Social Security Administration filed an Unopposed Motion to Remand to the Agency pursuant to 42 U.S.C. § 405(g) for further administrative proceedings. (Doc. 34.) The Court granted the motion the following day. (Doc. 35.) On May 25, 2023, Baca filed an Unopposed Motion for Attorney Fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $4,606.00. (Doc. 37.) The Court also granted that motion. (Doc. 38.)

On February 23, 2024, upon remand, the Social Security Administration determined that Baca was disabled, issued a fully favorable decision, and awarded Baca $93,169.00 in past-due benefits, of which $23,292.25 was withheld to cover attorney fees pursuant to 42 U.S.C. § 406(a)–(b). (*See* Docs. 39 at 2 (citing Docs. 39-1; 39-2); 39-1 at 7; 39-2 at 4.)[4] Now, Ms. Baca's attorney, Benjamin Decker of Decker Griffel, LLC, seeks an award of $18,000.00, approximately 19.3% of the total past-due benefits awarded to Ms. Baca. (*Id.* at 1–3.)

## II.    Legal Standard

Attorneys who litigate on behalf of "Social Security claimants may receive fee awards under both the EAJA and 42 U.S.C. § 406." *See Ortega v. Kijakazi*, No. 20-cv-1245 GBW, 2023

---

[3] Document 16 contains the sealed Administrative Record. (Docs. 16-1–16-11.) The Court cites the Administrative Record's internal pagination, rather than the CM/ECF document number and page.

[4] Document 39-1 contains the Social Security Administration's Notice of Decision and Doc 39-2 contains the Social Security Administration's Notice of Award. The Court cites to their respective internal pagination, rather than the CM/ECF document number and page.

WL 372878, at *2 (D.N.M. Jan. 24, 2023). An attorney who receives a fee award under both the EAJA and § 406(b) "must refund the smaller award to the claimant." *Id.* at *2 n.2 (citing *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986)). Fees may be awarded by the Court under § 406(b) upon receipt of past-due benefits. *Id.* at *2 (citing *McGraw v. Barnhart*, 450 F.3d 493, 497 (10th Cir. 2006)). In awarding fees, the Court is guided "by two conditions: a 25 percent cap and a reasonableness standard." *Id.* Section 406(b)(1)(A) provides that fees may not exceed 25 percent of the total past-due benefits awarded to a plaintiff following a favorable judgment. *See id.* "This cap applies 'only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b).'" *Id.* (quoting *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019)). The Court is further directed to award "reasonable" fees. *See id.* (citing 42 U.S.C. § 406(b)(1)(A)). It is the burden of the claimant's attorney to show the requested fee is reasonable. *Id.* (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)).

To determine whether a requested fee award is reasonable, the Court examines "the character of the representation and the results the representative achieved." *Id.* (quoting *Gisbrecht*, 535 U.S. at 808). The Court may "consider factors such as (1) whether the representation was substandard, (2) whether the attorney was responsible for any delay that caused benefits to accrue, and (3) whether the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* (citing *Gisbrecht*, 535 U.S. at 808; *Gordon v. Astrue*, 361 F. App'x 933, 935 (10th Cir. 2010)). With respect to the third factor, the Court guards against a windfall award by comparing the requested fee to other awards in this district. *See id.* (citing *Gisbrecht*, 535 U.S. at 808).

## III. Analysis

Mr. Decker requests a fee of $18,000.00, which is approximately 19.3% of Baca's total

past-due benefits and lower than the 25% cap permitted under § 406(b).[5] (*See* Doc. 39 at 3.) Mr. Decker asserts that this amount represents a reasonable fee based on his experience and specialization in Social Security cases, the favorable outcome securing $93,169.00 in past-due benefits, and the alignment of this fee with similar awards in this district. (*See id.* at 6.) Based on the foregoing factors, it is recommended that the requested fee be reduced to ensure that the award is more analogous to other attorney fee awards given in this district.

Under the first *Gisbrecht* factor, the Court considers how well the attorney represented the claimant and what the representation accomplished. *See Gordon*, 361 F. App'x at 935. Here, Mr. Decker secured from this Court a remand for further proceedings, which led to a favorable decision for Baca. (Doc. 35 at 1.) On remand, the ALJ found Baca was disabled beginning in May 2018, with retroactive benefits beginning in November 2018. (*See* Docs. 39-1 at 7; 39-2 at 2–4.) Because Mr. Decker secured an overall favorable result for his client, this factor favors a finding that the requested fee is reasonable.

When analyzing the second factor, the Court considers whether the claimant's attorney caused a delay that allowed benefits to accrue. *See Gordon*, 361 F. App'x at 935. Mr. Decker notes he "did not cause any appreciable or unreasonable delay in the case's ultimate resolution." (Doc. 39 at 6.) Nonetheless, he filed three motions for 30-day extensions of the deadline to file Baca's brief, all of which the Court granted. (*See* Docs. 24; 26; 28.) Collectively, the deadline was extended by 90 days through these motions. Mr. Decker was not solely responsible for the delays

---

[5] Baca received benefits of $93,169.00 (Doc. 39-2 at 5). A 25% fee award would be $23,292.25.

The contingency agreement between Baca and her attorney provided that if Baca's claim was won, her attorney would be entitled to "twenty-five percent (25%) of all the past-due benefits that are awarded to" her. This fee agreement, on its face, meets Section 406(b) guidelines. *See Gabrielle H. v. Dudek*, No. 21-cv-0461 KRS, 2025 WL 894937, at *2 (D.N.M. Mar. 24, 2025) (noting that, in a Section 406(b) fee request, contingency agreements are enforceable so long as they cap fees at 25% of past-due benefits).

4

in this case, however, as the Social Security Administration also requested—and received—an extension, leading to a cumulative delay of 120 days. (*See* Docs. 31; 32.) Despite the earlier delays, Mr. Decker filed the request for attorney fees just one week after Baca received her award of past-due benefits from the Social Security Administration. (*See* Docs. 39; 39-2.) Altogether, this factor weighs neutrally, as Mr. Decker was not solely responsible for the delays and his earlier motions cited "unforeseen circumstances."[6]

Finally, the Court examines the proportionality between the fee amount and the attorney's time commitment to the case. *See Gordon*, 361 F. App'x at 935. Mr. Decker spent 19.6 hours on this matter (*see* Doc. 39 at 6), which is slightly below the average range of hours for social security appeals in this circuit. *See Martinez v. Colvin*, No. 1:15-CV-806 LF, 2016 WL 9774938, at *2 (D.N.M. Nov. 30, 2016) (stating that "the average hours required to fully brief a social security appeal in the Tenth Circuit generally range from 20 to 40 hours") (gathering cases). At $18,000.00, the fee requested for 19.6 hours of work equates to $918.37 per hour. (*See* Doc. 39 at 6.) This rate is "considerably higher than the average [hourly rate] for Section 406(b) fees recently authorized in [the District of New Mexico] . . . ." *See Gabrielle H. v. Dudek*, No. 1:21-cv-00461 KRS, 2025 WL 894937, at *3 (D.N.M. Mar. 24, 2025) (finding an $835/hour Section 406(b) fee for 22.1 hours as excessive in light of awards ranging from $268.22 to $636.70/hour for comparable or greater hours worked) (citing *Esperanza L. v. Colvin*, No. 1:23-cv-0478 KRS, 2025 WL 212316, at *2 (D.N.M. Jan. 16, 2025) (23.6 hours for an hourly rate of $462.08); *Audry R. v. Colvin*, No. 1:22-cv-0474 KRS, 2024 WL 5076214, at *2 (D.N.M. Dec. 11, 2024) (29.6 hours for an hourly rate of $537.30); *Ornelas v. O'Malley*, No. 1:21-cv-1031 KRS, 2024 WL 3045280, at *2 (D.N.M. June

---

[6] The Court notes that although the motions refer to "unforeseen circumstances," no specific details were provided therein. (*See* Docs. 24; 26; 28.) Nonetheless, the Court credits the attorney's representations and proceeds under the presumption that the circumstances were indeed unforeseen and thus necessary.

17, 2024) (37.7 hours for an hourly rate of $268.22,); *Maldonado v. Kijakazi*, No. 1:20-cv-1119 KRS, 2023 WL 5748757, at *3 (D.N.M. Sept. 6, 2023) (37.8 hours for an hourly rate of $636.70); *Lovato v. Kijakazi*, No. 1:20-cv-0187 KRS, 2023 WL 1765380, at *3 (D.N.M. Feb. 3, 2023) (24.5 hours for an hourly rate of $524.98)). Because the requested fee's rate far exceeds other comparable fees awarded in this district, it is not reasonable under the third *Gisbrecht* factor.

Mr. Decker notes that "[a] reasonable hourly rate for an attorney with [his] experience is between $400 and $1000 per hour" and refers the Court to *one* case from this district endorsing an even greater hourly fee than the one he requests. (*See* Doc. 39 at 3 (citing *Baca v. Saul*, 1:17-cv-0449 CG, 2020 WL 871547 (D.N.M. Feb. 21, 2020)) (subsequent citations omitted).) In *Baca v. Saul*, the court determined that 24.3 hours billed at an hourly rate of $1,025.00 was reasonable for an attorney with over 30 years of experience. *See Baca*, 2020 WL 871547, at *2. Mr. Decker reinforces his position by noting that major "law firms routinely charge over $1,000 per hour for junior attorneys." (Doc. 39 at 3.) To support this, he includes, as exhibits, ABA Journal reports titled "Nearly $1,000 an hour is rate for second-year associates at these BigLaw firms" and "At least 3 BigLaw firms charge more than $1K per hour for top associates." (*See* Docs. 39-5; 39-6.)

Mr. Decker's argument collapses under *Gabrielle H. v. Dudek*, 2025 WL 894937, decided by Judge Sweazea on March 24, 2025—just three weeks before Baca's motion. In that case, Mr. Decker represented the claimant's Social Security interests and secured a favorable decision upon remand for his client after logging 22.1 hours. *See Gabrielle*, 2025 WL 894937, at *3. He subsequently sought an $835.00-per-hour Section 406(b) attorney's fee, but the court reduced his rate to $670.00 per hour, awarding a total of $14,807.00. *See id.* In making that determination, the court considered his billed hours, his 17 years of specialized Social Security litigation experience,

and the $73,814.00 back-benefits award in light of this district's prevailing Section 406(b) rates. *Id.*

Here, just a few months later, Mr. Decker again secured a favorable decision upon remand, logging comparable billed hours—yet now requests a markedly increased hourly rate of $918.37, despite prior notice of the reduced rate awarded in *Gabrielle*. The nature and demands of representation in both cases remain substantially the same.[7] Mr. Decker's years of experience in Social Security matters remains unchanged in the present matter. His hours billed here are slightly lower than those recorded in *Gabrielle*, and a modest difference in back-benefits—approximately $20,000—further illustrates the parity between the two cases in scope and effort.

Consistent with the decision in *Gabrielle*, the undersigned finds it reasonable to recommend that the Court award him an hourly fee of $670.00, rather than the requested $918.37. This results in an attorney fees award of $13,132.00, which amounts to 14.1 percent of the total benefits awarded to Baca.

**IT IS THEREFORE RECOMMENDED** that Baca's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) be **GRANTED IN PART** and that the Court authorize $13,132.00 in attorney fees for legal services rendered in this Court, to be paid by the Social Security Administration out of Baca's past-due benefits in accordance with agency policy.

**IT IS FURTHER RECOMMENDED** that the Court direct counsel to refund to Baca the EAJA fee of $4,606.00 previously awarded by this Court in accordance with *Gisbrecht*, 535 U.S. at 796.

---

[7] The nature and demands of representation in this case and in *Gabrielle* are similar. In both cases, Mr. Decker prepared a 27-page brief, and the Social Security Administration did not respond to either brief, instead filing an unopposed motion to remand. It should be noted that in *Gabrielle*, Mr. Decker represented his client from 2019 through 2025, while he represented his client from 2022 through 2025 in this case. (*See* Doc. 39-3.) *See also Gabrielle*, 2025 WL 894937, at *3.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of

a copy of these Proposed Findings and Recommended Disposition they may file written

objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must**

**file any objections with the Clerk of the District Court within the 14-day period if that**

**party wants to have appellate review of the proposed findings and recommended**

**disposition. If no objections are filed, no appellate review will be allowed.**

DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE